**In re T.B.B., A Minor Child;**

**Appeal of M.B. and L.B., Parents.**

**No. 89–1534.**

Court of Appeals of Iowa.

June 26, 1990.

Thomas J. O'Flaherty, Cedar Rapids, for appellants.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Judy Sheirbon, Asst. Atty. Gen., for appellee, State.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Appellants, M.B. and L.B., appeal from a decision of the juvenile court terminating their parental rights to their son, T.B.B. We ordered a limited remand of the case in order that the juvenile court could take additional evidence on several matters. *See In re T.B.B.*, No. 89–1534, slip op. at 5–6 (Iowa App. March 27, 1990). Upon consideration of the additional evidence, the juvenile court affirmed its prior order of termination. We now reverse.

The facts of this case are fully detailed in our earlier decision and need not be reiterated here. The testimony at the supplemental hearing disclosed that M.B. and L.B. are currently in the process of divorcing. Additionally, their marriage has resulted in the birth of a third son, N.B., on October 27, 1989. The record also discloses that N.B. has grown at a normal rate since his birth.

Dr. Randell C. Alexander testified that T.B.B.'s failure-to-thrive condition was not physiologically caused, but rather was due to caloric deprivation. As a result, Dr. Julianne Thomas hypothesized that because

T.B.B. was a "spitty baby" who regurgitated his formula, L.B. may not have been patient enough with T.B.B. to insure he received sufficient caloric intake to enable growth.

As we noted in our original opinion, the sole issue before us is whether there is clear and convincing evidence that T.B.B. cannot be returned to appellants' custody, as provided in Iowa Code section 232.102. The State relies upon T.B.B.'s failure-to-thrive diagnosis and assaults upon T.B.B. by his two-year-old brother, M.B., Jr., to meet the requirements of section 232.2(6) and thereby satisfy Iowa Code section 232.-116(1)(e). Section 232.2(6) provides in pertinent part:

"Child in need of assistance" means an unmarried child:

\* \* \* \* \* \*

c. Who has suffered or is imminently likely to suffer harmful effects as a result of:

\* \* \* \* \* \*

(2) The failure of the child's parent ... to exercise a reasonable degree of care in supervising the child.

From our de novo review of the record, we conclude the State has failed to prove the allegations found in the termination petition by clear and convincing evidence.

There is no compelling evidence that if T.B.B. is returned to L.B.'s care,[1] M.B., Jr. is imminently likely to be a physical threat to him. Since T.B.B.'s removal, L.B. has given birth to N.B. There is no evidence that M.B., Jr. has caused any harm to N.B. Undoubtedly, M.B., Jr.'s current age[2] has much to do with the situation.

As to T.B.B.'s failure to thrive, we also conclude there is not clear and convincing evidence that if T.B.B. is returned to L.B.'s care, he will be imminently likely to suffer harmful effects due to L.B.'s failure to provide proper supervision. Dr. Alexander and Dr. Thomas both expressed concern for T.B.B.'s psychological and emotional development if placed back in the parental home.

Their testimony, however, was such that it fails to meet the legal standard for termination.

We find it highly significant that L.B. has managed to parent M.B., Jr. and N.B. without incident. Additionally, T.B.B.'s current age of two and one-half years makes it unlikely that he is subject to a renewed failure to thrive crisis. We therefore reverse the decision of the juvenile court in terminating L.B. and M.B.'s parental rights to T.B.B.

REVERSED.

---

1. L.B. apparently has physical custody of M.B., Jr. and N.B.

